### PETERS *v.* ANDREWS ET AL.

[No. 10,628.    Filed January 6, 1921.]

1. APPEAL.—*Briefs.—Sufficiency.—Substantial Compliance with Rules of Court.*—Where separate demurrers to each of two paragraphs of answer were overruled, and appellant by inadvertence failed to mention in his errors relied on for reversal the error in overruling his demurrer to the second paragraph of answer, a statement in another part of the brief that such error was specification No. 1 of the assignment of errors, was a substantial compliance with the rules of court, and the question thereby raised will be considered. p. 579.

2. BROKERS.—*Real Estate.—Contract for Commissions.—Validity.—Execution by Nonresidents in a City Requiring License.*—Where one nonresident of a city entered into a contract with another nonresident, a real estate broker, to sell his farm on commission, he cannot avoid paying the commission because the broker did not have the license required by an ordinance of the city, although both the commission contract and the contract of sale were executed within such city. p. 580.

From Starke Circuit Court; *Oscar B. Smith,* Special Judge.

Action by Robert D. Peters against Emery Andrews and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Orville W. Nichols,* for appellant.

*R. G. Real* and *William J. Reed,* for appellees.

NICHOLS, J.—This action by appellant against appellee was upon a written contract by appellee Andrews and one Dowd for the exchange of appellee Andrews' farm in Starke county, Indiana, for Dowd's property in Chicago, Illinois, in which contract the parties stipulated for a commission of $500 to be paid appellant by appellee Andrews, and the same amount by said Dowd. The complaint was in two paragraphs, to which appellees answered in three paragraphs, the first a general denial, the second averring an ordinance of the city of Chicago, Illinois, with reference to real estate brokers which was in force at the time of the execution of the contract, and that appellant had not obtained a license to execute the brokerage contract sued upon, and that under the laws of the State of Illinois, no license having been obtained authorizing appellant to make brokerage contracts, appellant was not entitled to compensation as a real estate broker. The third paragraph was substantially the same as the second, except that a copy of the ordinance referred to in the second paragraph is made a part of the third paragraph. This ordinance provides that it shall be unlawful for any person to engage in business or to act in the capacity of a broker within the city of Chicago without first obtaining a license therefor. There was a penalty of not less than $25 and not more than $200 for a violation of the ordinance.

A separate demurrer to each of these paragraphs of answer was overruled. There was a reply in denial, and a trial by the court, which resulted in a judgment for appellees, from which, after motion for a new trial was overruled, this appeal. The action of the court in overruling the respective demurrers

is presented as the only question for our consideration. Appellee says that no error is assigned as to any ruling on the second paragraph, and, as it sets up the same defense as the third paragraph of answer, the action of the court in overruling the demurrer to the third paragraph is harmless. By some inadvertence appellant has failed to mention in his errors relied upon for reversal the error of the court in overruling his demurrer to the second paragraph of answer, but in another part of his brief he has stated that the error in overruling this demurrer is specification No. 1 of the assignment of errors. This is a substantial compliance with the rules of the court and the question will be considered.

It is not averred in either paragraph of answer that appellant was a resident of the city of Chicago, or that he was a regular real estate broker therein. To 2. the contrary, it appears by the contract of exchange which was made an exhibit to the complaint that appellant was a resident of Knox county, Indiana, and that appellee Andrews was a resident of Mattoon, Illinois.

We do not need to cite authority to support us in deciding that a resident of Mattoon,. Illinois, who engages the services of a resident of Knox county, Indiana, to sell his farm in such county, cannot avoid paying for such services by going into a city where it is unlawful to engage in the real estate brokerage business without a license, to execute his contract of sale with the purchaser by his agent, and his agreement to pay such agent for his services.

The demurrers to the paragraphs of answer should have been sustained. The judgment is reversed, with instructions to the trial court to sustain the respective demurrers to the second and third paragraphs of answer, and for further proceedings.